UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| James Westpoint, | ) | C/A: 9:17-2137-RMG-BM |
|---|---|---|
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Sheriff Al Cannon, ~~Chief Beatty~~, | ) | |
| Respondent. | ) | |

The Petitioner, James Westpoint, proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. Petitioner is a pretrial detainee at the Al Cannon Detention Center in Charleston, South Carolina, and files this action in forma pauperis under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se petitions are also held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147,

1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

## **Discussion**

Petitioner challenges his pretrial detention at the Al Cannon Detention Center in Charleston, South Carolina. Records from Charleston County indicate that Petitioner was arrested in March 2017 on the charge of accessory/accessory before the fact to a felony. He is also being detained on July 2015 charges of the manufacture, distribution, etc. of cocaine base, 1st and of possession of fifteen dosage units of MDMA or ecstasy, 1st offense. It appears that Petitioner was previously released on bond as to the 2015 charges, but those bonds were revoked in May 2017. Counsel has now been appointed for Petitioner in all three of his pending criminal cases. See Charleston County Public Index.http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.as

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



2

px?County=10&CourtAgency=10001&Casenum=2017A1010200802&CaseType=C; http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10001&Casenum=2015A1010203057&CaseType=C; http://jcmsweb.charlestoncounty.org/PublicIndex/PIError.aspx?County=10&CourtAgency=10001&Casenum=2015A1010203058&CaseType=C (last visited Oct. 5, 2017).[2] Petitioner alleges that he was given an excessive bail/bond in violation of the Eighth Amendment, denied due process, denied access to the court, and denied a speedy trial in violation of the Fifth Amendment. Petition, ECF No. 2.

Ordinarily, federal habeas corpus relief for a state prisoner is only available post-conviction. However, pretrial petitions for habeas corpus may be brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956 (1987)). Generally, however, "'[a]n attempt to dismiss an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas corpus. Dickerson, 816 F.2d at 226 (quoting Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)). In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of

---

[2]This Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008) [noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].



3

circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). Specifically, the Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43–44. From Younger and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Petitioner is currently detained on pending state criminal charges, thus satisfying the first prong of the abstention test. The second criterion has been addressed by the Supreme Court's holding that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief[,]" Kelly v. Robinson, 479 U.S. 36, 49 (1986); while in addressing the third criterion, the Supreme Court has noted that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Kugler v. Helfant, 421 U.S. 117, 124 (1975).

Therefore, this case meets all of the criteria for abstention under Younger, and federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. Dickerson, 816 F.2d at 224–26; see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489–90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional



4

rights without pre-trial intervention; thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. Moore v. DeYoung, 515 F.2d 437, 449 (3d Cir. 1975); cf. Drayton v. Hayes, 589 F.2d 117, 121 (2d Cir. 1979) [double jeopardy claim entitled to pretrial habeas intervention because the "very constitutional right claimed ... would be violated" if petitioner were forced to go to trial]. Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. Moore, 515 F.2d at 449. In Moore, the court concluded that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal. Id.; see generally United States v. MacDonald, 435 U.S. 850 (1978); Dickerson, 816 F.2d at 226–27.

In the present action, Petitioner may raise the claims contained in his Petition (including claims of excessive bail/bond and allegations of a denial of due process, access to court, and speedy trial) in state court. Petitioner does not allege any extraordinary circumstances to show that pretrial intervention would be appropriate. As Petitioner can pursue his claims in state court both during and after trial, he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief. See Younger, 401 U.S. at 43–44. Petitioner is therefore precluded from federal habeas relief at this time, and his Petition should be dismissed.

### Recommendation

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return.



5

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

October **6**, 2017
Charleston, South Carolina

6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

