IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James Westpoint, | ) | Civil Action No. 9:17-2137-RMG |
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Sheriff Al Cannon, | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary dismissal of the petition for habeas relief under 28 U.S.C. § 2241. Plaintiff was arrested for accessory to a felony and drug charges in March 2017. He is currently in pretrial detention at the Al Cannon Detention Center in Charleston, South Carolina. Petitioner seeks habeas relief from his pretrial detention, asserting that he has been given excessive bond, denied a speedy trial, denied access to court, and otherwise denied due process of law. His petition provides no explanation of, or allegations supporting, those claims. His only support for his claims is the cryptic statement,

> I petition also stand on the grounds of State v. Cole [403] S.E.2d 171 ([S.C.] 1991) motion of discovery Rule (5) subdivision A(1) and rules of evidence 702 and 703. (Do-pro-cess.)

(Dkt. No. 1 at 3.) The question presented in *South Carolina v. Cole* was whether necessity is a defense to driving under a suspended license. 403 S.E.2d at 118. Rule 5(a)(1) is a South Carolina rule of criminal procedure requiring disclosure of certain information to a criminal defendant. Rules of evidence 702 and 703 concern expert witness testimony. None has any relevance to pretrial detention.

As the Magistrate Judge correctly determined, the abstention doctrine of *Younger v. Harris* prohibits interference with state criminal proceedings except in the most extraordinary circumstances. Where adequate remedies are available in state court, whether pretrial, at trial, or after trial, no special circumstance is shown. Petitioner may raise all claims raised in his petition in state court. The Court therefore **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 10) as the Order of the Court and **DISMISSES WITHOUT PREJUDICE** the petition for habeas relief (Dkt. No. 1).

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 3ᴏ, 2017
Charleston, South Carolina